UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BRIAN HARRIS,<br><br>                    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner of Social Security,[1]<br><br>                    Defendant. | Case No. 2:17-02741-RFB-PAL<br><br>**SCREENING ORDER**<br><br>(IFP App – ECF No. 1) |

Plaintiff Brian Harris has submitted an Application to Proceed *In Forma Pauperis* (ECF No. 1) pursuant to 28 U.S.C. § 1915 along with a proposed Complaint (ECF No. 1-2). The Application and Complaint are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

**I.     APPLICATION TO PROCEED *IN FORMA PAUPERIS***

Mr. Harris's Application includes the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted. The court will now review the Complaint.

**II.    SCREENING THE COMPLAINT**

After granting a request to proceed *in forma pauperis*, a federal court must additionally screen the complaint and any amended complaints filed prior to a responsive pleading. *Lopez v.*

---

[1] Nancy A. Berryhill is the Acting Commissioner of Social Security. Pursuant to the Federal Rules of Civil Procedure and the Social Security Act, the court therefore substitutes Nancy A. Berryhill for the "Commissioner of Social Security" as the defendant in this suit. *See* Fed. R. Civ. P. 25(d) (allowing the automatic substitution of a successor to a public officer who is a party to an action but ceases to hold office while the action is pending); 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

*Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (§ 1915(e) "applies to all *in forma pauperis* complaints"). The simplified pleading standard set forth in Rule 8(a) of the Federal Rules of Civil Procedure[2] applies to all civil actions, with limited exceptions. *Alvarez v. Hill*, 518 F.3d 1152, 1159 (9th Cir. 2008). For purposes of 28 U.S.C. § 1915's screening requirement, a properly pled complaint must therefore provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Here, Harris's Complaint challenges a decision by the Social Security Administration ("SSA") denying him "Supplemental Security Income disability benefits" under the Social Security Act.[3] *See* Compl. (ECF No. 1-2) at ¶ III. To state a valid benefits claim, a complaint must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Starr*, 652 F.3d at 1216. To do so, a complaint should state when and how a plaintiff exhausted his administrative remedies with the SSA and the nature of his disability, including when he claims he became disabled. The complaint should also contain a short and concise statement identifying the nature of the plaintiff's disagreement with the SSA's determination and show that the plaintiff is entitled to relief. Although this showing need not be made in great detail, it must be presented in sufficient detail for the court to understand the disputed issues so that it can meaningfully screen the complaint. *See* 4 Soc. Sec. Law & Prac. § 56:4 (2015).

### A. Exhaustion of Administrative Remedies

Before a plaintiff can sue the SSA in federal court, he must exhaust his administrative remedies. 42 U.S.C. § 405(g); *Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) ("Section 405(g) provides that a civil action may be brought only after (1) the claimant has been

---

[2] Any reference to a "Rule" or the "Rules" in this Order refer to the Federal Rules of Civil Procedure.

[3] The Complaint does not specify whether he applied under Titles II or XVI of the Social Security Act.

party to a hearing held by the Secretary, and (2) the Secretary has made a final decision on the claim"). Generally, if the SSA denies a claimant's application for disability benefits, he can request reconsideration of the decision. If the claim is denied upon reconsideration, a claimant may request a hearing before an Administrative Law Judge ("ALJ"). If the ALJ denies the claim, a claimant may request review of the decision by the Appeals Council. If the Appeals Council declines to review the ALJ's decision, a claimant may then request review by the United States District Court. *See* 20 C.F.R. §§ 404.981, 416.1481. A civil action for judicial review must be commenced within 60 days after receipt of the Appeals Council's notice of a final decision. *Id. See also* 20 C.F.R. § 405.501. The SSA assumes that the notice of final decision will be received within five days of the date on the notice unless shown otherwise; thus, an action commenced within 65 days is presumed timely. The civil action must be filed in the judicial district in which the plaintiff resides. 42 U.S.C. § 405 (g).

In this case, Harris alleges that on September 6, 2017, the Appeals Council denied the request for review and the ALJ's decision became the final decision of the Commissioner. *See* Compl. ¶ V. Thus, it appears he has exhausted his administrative remedies. Mr. Harris timely commenced this action as the Complaint was filed on October 30, 2017, and the Complaint indicates that he resides within the District of Nevada. *See* Compl. ¶ II. Accordingly, he has satisfied these prerequisites for judicial review.

**B.     Grounds for Mr. Harris's Appeal**

The Complaint seeks judicial review of the Commissioner's decision benefits and asks the court to reverse that decision, or alternatively, to remand this matter for a new hearing. A district court can affirm, modify, reverse, or remand a decision if plaintiff has exhausted his administrative remedies and timely filed a civil action. However, judicial review of the Commissioner's decision to deny benefits is limited to determining: (a) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner; and (b) whether the correct legal standards were applied. *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

In his Complaint, Mr. Harris alleges that he has been disabled since the application date of June 19, 2014, and continuing through the present. *See* Compl. (ECF No. 1-2) ¶ VI. The medical

record indicates he has the following severe impairments: asthma, degenerative disc disease of the lumbar and cervical spine, depressive disorder, anxiety disorder, personality disorder, and polysubstance abuse / substance addiction disorder. *Id*. He also alleges the severe impairment of post-traumatic stress disorder. *Id*. Harris alleges the Administrative Law Judge ("ALJ") committed the following reversible errors: (1) improperly rejecting of the opinion of the treating counselor (co-signed by a treating psychiatrist), which describes disabling mental limitations; (2) improperly rejecting the claimant's testimony; (3) relying on the vocational expert's testimony regarding jobs, which was inconsistent with the mental limitations in the RFC finding; and (4) failing to fully consider the severity of degenerative disc diseases.

The Complaint contains sufficient allegations of underlying facts to give the Defendant fair notice of his disagreement with the SSA's final determination. Accordingly, Mr. Harris has stated a claim for initial screening purposes under 28 U.S.C. § 1915.

Based on the foregoing,

**IT IS ORDERED**:

1. Mr. Harris's Application to Proceed *In Forma Pauperis* (ECF No. 1) is **GRANTED**. He shall not be required to pay the $400 filing fee.
2. Harris is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance or service of subpoenas at government expense.
3. The Clerk of the Court shall FILE the Complaint.
4. The Clerk of the Court shall ISSUE SUMMONS to the United States Attorney for the District of Nevada and deliver the summons and Complaint to the U.S. Marshal for service.
5. The Clerk of Court shall also ISSUE SUMMONS to the Commissioner of the Social Security Administration and Attorney General of the United States.
6. Mr. Harris shall serve the Commissioner of the Social Security Administration by sending a copy of the summons and Complaint by certified mail to: (1) Office of

Regional Chief Counsel, Region IX, Social Security Administration, 160 Spear St., Suite 899, San Francisco, California 94105-1545; and (2) the Attorney General of the United States, Department of Justice, 950 Pennsylvania Avenue, N.W., Room 4400, Washington, D.C. 20530.

7. Following the Defendant's filing of an answer, the court will issue a scheduling order setting a briefing schedule.

8. From this point forward, Mr. Harris shall serve upon Defendant or, if appearance has been entered by counsel, upon the attorney, a copy of every pleading, motion, or other document filed with the Clerk of the Court pursuant to LR IC 1-1 and 4-1 of the Local Rules of Practice. In accordance with LR IC 4-1(d), the parties shall include with each filing a certificate of service stating that a true and correct copy of the document was served on an opposing party or counsel for an opposing party and indicating how service was accomplished. The court may disregard any paper received by a district judge or magistrate judge that has not been filed with the Clerk of the Court, and any paper received by a district judge, magistrate judge, or the Clerk of the Court that fails to include a certificate of service.

Dated this 28th day of November, 2017.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE