# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

BRIAN HARRIS,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration,

    Defendant.

Case No. 2:17-cv-02741-RFB-BNW

**ORDER**

## I. INTRODUCTION

Before the Court is Plaintiff Brain Harris's Motion for Remand, ECF No. 15, and Defendant Nancy A. Berryhill's Cross-Motion to Affirm, ECF No. 18.

For the reasons discussed below, the Court finds that the ALJ's decision is not supported by substantial evidence. The Court grants Plaintiff's Motion for Remand and denies Defendant's Cross-Motion to Affirm.

## II. BACKGROUND

On June 23, 2014, Plaintiff completed an application for disability insurance benefits alleging disability since October 31, 2011. AR 25. Plaintiff was denied initially on November 13, 2014 and upon administrative reconsideration on April 13, 2015. AR 25. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") and appeared on August 18, 2016. AR 25. In an opinion dated August 31, 2016, ALJ Cynthia R. Hoover found Plaintiff not disabled. AR 25–34. The Appeals Council denied Plaintiff's request for review on July 17, 2017, rendering the ALJ's decision final. AR 1–4.

The ALJ followed the five-step sequential evaluation process for determining Social Security disability claims set forth at 20 C.F.R. § 404.1520(a)(4). At step one, that ALJ found that Plaintiff has not engaged in substantial gainful activity since June 23, 2014, the application date. AR 27. At step two, the ALJ found that Plaintiff has the following severe impairments: asthma, degenerative disc disease of the cervical and lumbar spine, depressive disorder, anxiety disorder, personality disorder and polysubstance abuse. AR 27. At step three, the ALJ found that Plaintiff's impairments do not meet or medically equal a listed impairment. AR 27–28.

The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform medium work, as defined in 20 C.F.R. § 416.967(c), except that he needs to avoid concentrated exposure to extreme cold, humidity and to pulmonary irritants; he is able to perform unskilled work with routine, simple repetitive tasks and occasional contact with others in brief superficial interactions; and he needs to work in a workplace that does not require adjustments to frequent change. AR 28–32. Based on this RFC, the ALJ found at step four that Plaintiff was unable to perform his past relevant work as an electrician. AR 32. At step five, the ALJ found that Plaintiff could perform jobs such as laborer/warehouse worker (D.O.T. #922.687-058), kitchen helper, (D.O.T. #318.687-010), and handpacker (D.O.T. #920.587-018). AR 32–33.

### III. LEGAL STANDARD

42 U.S.C. § 405(g) provides for judicial review of the Commissioner's disability determinations and authorizes district courts to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." In undertaking that review, an ALJ's "disability determination should be upheld unless it contains legal error or is not supported by substantial evidence." Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation omitted). "Substantial evidence means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." Id. (quoting Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007)) (quotation marks omitted).

"If the evidence can reasonably support either affirming or reversing a decision, [a reviewing court] may not substitute [its] judgment for that of the Commissioner." Lingenfelter, 504 F.3d at 1035. Nevertheless, the Court may not simply affirm by selecting a subset of the evidence supporting the ALJ's conclusion, nor can the Court affirm on a ground on which the ALJ did not rely. Garrison, 759 F.3d at 1009–10. Rather, the Court must "review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion," to determine whether that conclusion is supported by substantial evidence. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Id. When determining the credibility of a claimant's testimony, the ALJ engages in a two-step analysis. Garrison, 759 F.3d at 1014–15. First, the claimant must have presented objective medical evidence of an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged." Lingenfelter, 504 F.3d at 1035–36 (quoting Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991)). The claimant does not need to produce evidence of the symptoms alleged or their severity, but he must show the impairments could reasonably cause some degree of the symptoms. Smolen v. Chater, 80 F.3d 1273, 1282 (9th Cir. 1996). Second, the ALJ determines the credibility of the claimant's testimony regarding the severity of his symptoms. Garrison, 759 F.3d at 1014–15. Unless affirmative evidence supports a finding of malingering, the ALJ may only reject the claimant's testimony by providing "specific findings as to credibility and stating clear and convincing reasons for each." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006). As of 2016, the Social Security Administration has eliminated the use of the term "credibility" from its policy, as "subjective symptom evaluation is not an examination of an individual's character." SSR 16-3p. However, ALJs may continue to consider the consistency of a claimant's statements compared to other statements by the claimant and to the overall evidence of record. Id.

The Social Security Act has established a five-step sequential evaluation procedure for determining Social Security disability claims. See 20 C.F.R. § 404.1520(a)(4); Garrison, 759 F.3d at 1010. "The burden of proof is on the claimant at steps one through four, but shifts to the

Commissioner at step five." Garrison, 759 F.3d at 1011. Here, the ALJ resolved Plaintiff's claim at step five. At step five, the ALJ determines based on the claimant's RFC whether the claimant can make an adjustment to substantial gainful work other than his past relevant work. 20 C.F.R. § 404.1520(g).

**IV.     DISCUSSION**

The Court finds that the ALJ's determination of non-disability is not supported by substantial evidence. The ALJ mischaracterized Plaintiff's testimony and erred in her determination that Plaintiff's allegations of disabling functional limitations were inconsistent with Plaintiff's activities. The Court finds that Plaintiff's allegations of disabling functional limitations are consistent with his activities, with the substantial evidence of record, and with a finding of disability.

As the ALJ did not find evidence of malingering, the ALJ may only reject Plaintiff's testimony regarding the severity of his symptoms with ***specific, clear, and convincing reasons***. Garrison, 759 F.3d at 1014–15. "The clear and convincing standard is the most demanding required in Social Security cases." Id. at 1015 (quoting Moore v. Comm'r of Soc. Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002)). The ALJ must identify with specificity "what testimony is not credible and what evidence undermines the claimant's complaints." Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995).

The Court finds that the ALJ mischaracterized Plaintiff's testimony when she found that Plaintiff "has engaged in a somewhat normal level of daily activity and interaction." AR 31. Plaintiff in fact testified that he never goes to the movies, never eats out, never goes to church, has no hobbies, and does nothing during the day besides watch television, stay on the porch, and sometimes read. AR 51–52. Plaintiff testified that, in a typical day, he gets about two or three hours of sleep at a time, watches television for an hour or two, and then falls back asleep; occasionally he will get up to eat sandwich. AR 50.

The ALJ wrote that Plaintiff "goes out as needed," "is able to go out alone," and "shops in stores." AR 31–32. But Plaintiff testified that he only leaves his house to go to the grocery store

with his mother and to see his doctors. AR 51–52. Plaintiff further testified as follows:

> A [ ] It's like I'm paranoid all day long and I'm scared to leave my house man.
> Q So you came here today.
> A My aunt – when I have someone like my aunt and my mom that is willing to go with me wherever I got to go it makes it easier for me to leave to go but on my own I'm – I'm really nervous.
> Q But you can go to the store and get milk without her?
> A We have a little Speedy Mart. It's directly across the street from the apartment complex. I mean 100 yards and I'm there and back.
> Q Okay.
> A That doesn't really bother me but a lot of the times either she'll go with me or it'll be nighttime and there's nobody out there anyway.

AR 55. In sum, Plaintiff's testimony reveals an extremely abnormal and limited level of daily activity and interaction.

Plaintiff testified that he has panic attacks two to three times a week, lasting from 10 minutes to over an hour. AR 54–55. He testified that he takes Xanax when he feels a panic attack coming on, which makes him sleep for 30 to 45 minutes. AR 56. Plaintiff's testimony is consistent with the substantial medical evidence of record. Plaintiff has been treated for post-traumatic stress disorder, depression, and anxiety since late 2014. Ex. Nos. 3F, 7F, 9F, 13F, 15F. Treatment notes document his frequent panic attacks, his persistent lack of relationships, and his inability to engage in activities outside the home. Ex. Nos. 9F, 13F. Plaintiff has been prescribed Zoloft, Wellbutrin, and Xanax to address his mental health symptoms. Ex. Nos. 3F, 15F.

In evaluating the medical record, the ALJ erred in observing that "the claimant's mental status examinations consistently revealed relatively mild findings." AR 30. The ALJ in fact quotes from a single mental status examination performed on August 19, 2014, which is copied in the record four times. Ex. No. 3F at 4 (AR 306), 7F at 6 (AR 325), 11F at 5 (AR 337), 11F at 9 (AR 341). While this single mental status exam indicates normal findings, the ALJ was not permitted to cherry-pick this isolated result to support a denial of benefits. Garrison, 759 F.3d at 1018 & n.23 (9th Cir. 2014); Ghanim v. Colvin, 763 F.3d 1154, 1164 (9th Cir. 2014). The only other mental status examination in the record, performed on February 17, 2015, notes disheveled grooming; an anxious, depressed, hopeless, and fearful mood; a confused and distracted thought process; and an impaired attention span and memory. Ex. No. 13F at 42 (AR 429). Moreover,

each of these two mental status examinations is a mere snapshot of Plaintiff's functioning on a particular day, and neither constitutes substantial evidence. More important for evaluating Plaintiff's claim are the ongoing treatment notes in which Plaintiff has consistently reported panic attacks, nightmares, feelings of hopelessness and worthlessness, and suicidal ideation, Ex. Nos. 9F, 13F, as well as Plaintiff's consistent and credible testimony detailing the effects of his symptoms on his daily life.

The Ninth Circuit has established that where no outstanding issues need be resolved, and where the ALJ would be required to award benefits on the basis of the record if the claimant's testimony were credited, the Court will take the claimant's testimony as true and remand for an award of benefits. Varney v. Sec'y of Health & Human Servs., 859 F.2d 1396, 1401 (9th Cir. 1988). The Circuit has devised a three-part credit-as-true standard, each part of which must be satisfied in order for a court to remand to an ALJ with instructions to calculate and award benefits:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose;
> (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and
> (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison, 759 F.3d at 1020 (9th Cir. 2014).

The Court finds that the record has been fully developed and further administrative proceedings would serve no useful purpose. The Court further finds that, for the reasons stated earlier in this order, the ALJ has failed to provide sufficient reasons for rejecting Plaintiff's testimony and mischaracterized the evidence of record. Lastly, the Court finds that if the improperly discredited evidence were credited as true, Plaintiff would be necessarily found disabled on remand. Plaintiff has panic attack two to three times per week and the medication he uses to treat these attacks causes him to fall asleep. These panic attacks would require Plaintiff to take frequent, unscheduled breaks and would prevent regular attendance. Moreover, the current frequency of Plaintiff's panic attacks should be situated in the context of his present lifestyle: Plaintiff does not leave his home most days and cannot comfortably grocery shop without his mother. Plaintiff's anxiety symptoms could only be expected to worsen given the social demands

of full-time work. In this case, the vocational expert testified that a person who could not maintain regular attendance or be around the public could not perform any work. AR 60. Given the vocational expert's testimony, and crediting Plaintiff's testimony as true, the Court finds that the ALJ would be required to find Plaintiff disabled on remand.

The Court finds, however, that the ALJ did not err in observing that despite Plaintiff's allegation of disability since October 2011, the record reveals no evidence of any treatment until August 2014. AR 29, Ex. No. 3F. The Court therefore finds that the earliest disability onset date supported by the record is August 19, 2014.

### V. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Remand (ECF No. 15) is GRANTED and Defendant's Cross-Motion to Affirm (ECF No. 18) is DENIED.

**IT IS FURTHER ORDERED** that this matter is remanded to Defendant Nancy A. Berryhill, Acting Commissioner of Social Security, for an award of benefits with a disability onset date of August 19, 2014.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter a final judgment in favor of Plaintiff, and against Defendant. The Clerk of Court is instructed to close the case.

**DATED** this 10th day of May, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**